1  **ALEXANDER B. CVITAN** (SBN 81746),
   (Email: alc@rac-law.com)
2  **MARSHA M. HAMASAKI** (SBN 102720),
   (Email: marshah@rac-law.com)
3  **PETER A. HUTCHINSON** (SBN 225399),  Members of
   (Email: peterh@rac-law.com)
4  **REICH, ADELL & CVITAN,**
   **A Professional Law Corporation**
5  3550 Wilshire Boulevard, Suite 2000
   Los Angeles, California  90010-2421
6  Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583

7  Attorneys for Plaintiff Construction Laborers Trust Funds
   For Southern California Administrative Company, LLC

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  CONSTRUCTION LABORERS TRUST<br>FUNDS FOR SOUTHERN CALIFORNIA<br>12  ADMINISTRATIVE COMPANY, a<br>Delaware limited liability company,<br>13<br>Plaintiff,<br>14<br>15  v.<br>16  J. G. CONCRETE, INC., a California<br>corporation formerly known as JOAQUIN<br>17  GARCIA CONSTRUCTION, INC.<br>18<br>Defendant.<br>19 | CASE NO.:<br><br>**COMPLAINT FOR**<br>**CONTRIBUTIONS TO**<br>**EMPLOYEE BENEFIT PLANS**<br><br>[29 U.S.C. §§ 185(a), 1132(g)(2)] |

20

21        Plaintiff alleges as follows:

22

23                    INTRODUCTION

24        1.      This action is brought by a fiduciary administrator on behalf of employee

25  benefit plans against an employers in accordance with the terms and conditions of the

26  plans, collective bargaining agreements to which the employer is bound and

27  applicable statutes to recover unpaid monthly employee fringe benefit contributions

28  and related damages due to the plans by the employers  pursuant to the agreements

357083.1

and pursuant to federal statutes.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is grounded upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185.  Venue is proper in this district in that the plans are administered, the performance and breach took place in this district.

## PARTIES

3.     Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("CLTF") is a Delaware limited liability company, with its principal place of business in this District.  CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California,  Fund For Construction Industry Advancement,  Center For Contract Compliance, Laborers Contract Administration Trust Fund For Southern California,  Laborers' Trusts Administrative Trust Fund For Southern California and Southern California Partnership For Jobs Trust Fund (collectively "TRUST FUNDS").  Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).  The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Southern California District Council of Laborers and its Affiliated Locals, including Local No.

-2-

357083.1

89 ("UNION") and various employers.  The TRUST FUNDS are administered in the County of Los Angeles, State of California.  CLTF brings this action as a fiduciary on behalf of the TRUST FUNDS.

4.     CLTF is a fiduciary as to the Trust Funds, in that it:

A.     Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the Trust Funds, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the Trust Funds in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.     Exercises authority or control respecting management or disposition of assets of the Trust Funds, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different Trust Funds, different participants, different time periods and different jobs.

5.     Plaintiff is informed and believes and thereon alleges that Defendant, J. G. CONCRETE, INC., a California corporation formerly known as JOAQUIN GARCIA CONSTRUCTION, INC.  ("EMPLOYER"), is a corporation organized and existing under and by virtue of the laws of the State of California and is engaged in business in the State of California with its principal place of business in the City of San Dimas, County of Los Angeles, State of California.

## OTHERS

6.     The Southern California District Council of Laborers and its affiliated Local Unions (collectively "UNION") are, and at all relevant times, were labor organizations representing employees affecting interstate commerce.  The UNION is not a party to this action.

357083.1

## AGREEMENTS

7.     At all times mentioned, EMPLOYER was and continues bound to the terms of written Collective Bargaining Agreements having executed a Laborers Project Agreement ("Project Agreement") with the UNION for its work on a project known as Wilson High School for the Long Beach Unified School District ("Wilson Project".) The Project Agreement incorporates and adopts by reference existing Construction Master Labor Agreements of the UNION ("MLA").  At all times material herein, EMPLOYER has been and continues to be bound by the Project Agreement and MLA relating to work on the Wilson Project.

8.     EMPLOYER also became bound to a Project Labor Agreement between the Montebello Unified School District ("DISTRICT") and the Los Angeles and Orange Counties Building and Construction Trades Council, and their signatory Craft Unions (including the "UNION") ("DISTRICT Agreement" which incorporates certain provisions of the UNION'S MLA for all work by EMPLOYER on the DISTRICT'S construction projects.   The DISTRICT Agreement among other things, binds EMPLOYER  certain provisions of the UNION'S MLA relating to EMPLOYER'S work on projects covered by the DISTRICT'S Agreement.

9.     EMPLOYER also executed Laborers Apprenticeship Subscription Agreements for work on several projects which include, but are not limited to, projects known as the UCR Lothian Residence Hall Seismic Upgrades project and Herbert H. Hoover Middle School Modernization project ("Apprentice Agreements").

10.     By virtue of the Project Agreements, MLA, DISTRICT Agreement, and Apprentice Agreements, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced Agreements will be collectively hereinafter referred to as "AGREEMENTS".  The AGREEMENTS, among other things, obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the

357083.1

AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("Monthly Contributions").  EMPLOYER is additionally required to submit reports on a monthly basis ("Monthly Reports") with these Monthly Contributions, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those Monthly Reports are required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of Monthly Contributions due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those Monthly Contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

11.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit Monthly Contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid monthly contributions or interest on the unpaid Monthly Contributions at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

12.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent Monthly Contributions from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each

-5-

contribution is due.  The current plan rate of interest on the Monthly Contributions is 8.00% per annum under the Project Agreement and DISTRICT Agreement and 10% per annum for Monthly Contributions due under the Apprenticeship Agreements.

13.    The Project Agreement and DISTRICT Agreement obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under said Agreements to those subcontractors who are parties to Collective Bargaining Agreements with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

14.    The Project Agreement and DISTRICT Agreement further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under said Agreements to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under said Agreements, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

15.    The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate Monthly Contributions to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

16.    Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered

-6-

by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S continuing monthly reporting and payment obligations under the AGREEMENTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

17.    All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

<u>DAMAGES</u>

18.    As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during time periods of July 2014, December 2014, and March 2017 through February 2018, damages in the sum of at least $85,138.52  consisting of $64,072.57 in unpaid Monthly Contributions, $13,217.13 in liquidated damages, $1,120.00 in audit fees, and $6,728.82 in interest on the late and/or unpaid Monthly Contributions owed to the TRUST FUNDS to March 25, 2019 , plus additional accrued interest at the variable plan rate(s), currently 8.00% per annum thereafter, until payment of the Monthly Contributions, as well as any additional Monthly Contributions, subcontracting violations, liquidated damages, audit fees and interest on the additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.  The amounts owed by EMPLOYER were not discovered until the audit of EMPLOYER'S records was conducted and billed in August 2018; therefore, the time period within which to bring this action commenced when the unpaid amounts owed by EMPLOYER were discovered.

19.    The failure of the EMPLOYER to pay Monthly Contributions when due

-7-

357083.1

causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the Monthly Contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late Monthly Contributions, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay Monthly Contributions.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

20.    It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit Monthly Contributions and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

21.    Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent Monthly Contributions but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

357083.1

1.     For the sum of $64,072.57 for delinquent fringe benefit Monthly Contributions pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

2.     Interest on the delinquent Monthly Contributions in the amount of $6,728.82 through March 25, 2019 as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest thereafter at the variable plan rate(s) currently 8.0%;

3.     For liquidated damages in the sum of $13,217.13, as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.     For Plaintiff's costs of audit in the sum of $1,120.00 in accordance with the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(E);

5.     For any additional amounts including Monthly Contributions, liquidated damages, audit fees, fees/costs incurred by the TRUST FUNDS as a result of the submission of checks not honored by the bank upon which they were drawn, and amounts owed as a result work performed by any subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due, plus interest at the variable plan rate(s) currently 8.0% pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

6.     For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

7.     For such other and further relief as the Court deems proper.


                                        Respectfully Submitted,

DATED:  March 25, 2019          ALEXANDER B. CVITAN,
                                MARSHA M. HAMASAKI, and
                                PETER A. HUTCHINSON, Members of
                                REICH, ADELL & CVITAN
                                A Professional Law Corporation


                                By___/s/ Marsha M. Hamasaki_____
                                   MARSHA M. HAMASAKI
                                   Attorneys for Plaintiff